# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JACOB DUFFER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00860 |
| | ) | |
| SUMNER COUNTY TENNESSEE, GERALD | ) | Judge Trauger |
| HENRY, TONY MILLER, MICHAEL | ) | Magistrate Judge Brown |
| GRAVES, WILLIAM BRAD EIDSON, JAMES | ) | |
| HART, SOUTHERN HEALTH PARTNERS, | ) | |
| INC., SHARON HARRIS, CHERYL KELLEY, | ) | |
| JASON l/n/u, PENNY l/n/u, f/n/u BULLOCK, | ) | |
| KENNETH MATHEWS, JR. M.D. | ) | |
| | ) | |
|     Defendants. | | |

## ANSWER OF SUMNER COUNTY, TENNESSEE, GERALD HENRY, TONY MILLER, MICHAEL GRAVES, WILLIAM BRAD EIDSON, AND JAMES HART TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Come now Defendants Sumner County, Tennessee, Gerald Henry, Tony Miller, Michael Graves, William Brad Eidson, and James Hart (collectively, the "Sumner Defendants"), by and through counsel, and for their Answer to Plaintiff's Second Amended Complaint, state as follows:

### JURISDICTION AND VENUE

1.    The Sumner Defendants admit that 42 U.S.C. § 1983 theoretically allows Plaintiff to bring this action. To the extent this paragraph alleges any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

2.    With respect to Paragraph 2, the Sumner Defendants admit that this Court has supplemental jurisdiction. The Sumner Defendants deny that the operative facts give rise to this 42 U.S.C. § 1983 matter.

1

3.     With respect to Paragraph 3, the Sumner Defendants admit that venue is proper. To the extent this Paragraph alleges any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

## PARTIES

4.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 4.

5.     The Sumner Defendants admit the allegations found in Paragraph 5.

6.     The Sumner Defendants admit the allegations found in Paragraph 6 with respect to the fact that Gerald Henry is an employee of the Sumner County Sheriff's Department Office and was acting under the color of law. The Sumner Defendants deny that there was any incident or incidents which give rise to Plaintiff's claims.

7.     The Sumner Defendants admit the allegations found in Paragraph 7 with respect to the fact that Sergeant Tony Miller is an employee of the Sumner County Sheriff's Department Office and was acting under the color of law. The Sumner Defendants deny that there was any incident or incidents which give rise to Plaintiff's claims.

8.     The Sumner Defendants admit the allegations found in Paragraph 8 with respect to the fact that Michael Graves was at all times relevant to Plaintiff's Second Amended Complaint an employee of the Sumner County Road Department.  The Sumner Defendants deny the remaining allegations found in this Paragraph.  The Sumner Defendants deny that there was any incident or incidents which give rise to Plaintiff's claims.

9.     The Sumner Defendants admit the allegations found in Paragraph 9 with respect to the fact that William Brad Eidson is an employee of the Sumner County Sheriff's Department Office and was acting under the color of law. The Sumner Defendants deny that there was any incident or incidents which give rise to Plaintiff's claims.

629442.1/2015808

10.     The Sumner Defendants admit the allegations found in Paragraph 10 with respect to the fact that James Hart is an employee of the Sumner County Sheriff's Department Office and was acting under the color of law. The Sumner Defendants deny that there was any incident or incidents which give rise to Plaintiff's claims.

11.     With respect to Paragraph 11, the Sumner Defendants admit that they have a contract with Southern Health Partners ("SHP") for SHP to provide medical care to inmates in the Sumner County Jail.  The Sumner Defendants are without sufficient knowledge to admit or deny the remaining allegations found in Paragraph 11.

12.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 12.

13.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 13.

14.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 14.

15.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 15.

16.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 16.

17.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 17.


## GENERAL ALLEGATIONS

18.     The Sumner Defendants admit the allegations found in Paragraph 18.

629442.1/2015808

19.     With respect to Paragraph 19, the Sumner Defendants admit that jail records show a "Doctor Visit" for Plaintiff on April 11, 2014, and that records indicate the visit was with a "Nurse Sharon." The Sumner Defendants deny the remaining allegations found in Paragraph 19.

20.     The Sumner Defendants admit that Plaintiff filed a grievance on April 11, 2014, complaining of no hot water and that the grievance was forwarded to maintenance and closed. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

21.     The Sumner Defendants admit that Plaintiff pleaded guilty to probation violation on April 28, 2014, and that his probation was revoked and his original sentence was put into effect with credit for time served. The Sumner Defendants further admit that Plaintiff was transported to the Sumner County Jail to finish serving out his sentence. The Sumner Defendants are without sufficient knowledge to admit or deny the remaining allegations found in Paragraph 21.

22.     The Sumner Defendants admit that Plaintiff filed a request on April 28, 2014, stating that he "need[s] to get to trustee and work." The Sumner Defendants further admit that Plaintiff's name was forwarded to Captain Canter. The Sumner Defendants deny that Plaintiff's request mentioned two-for-one credit. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

23.     The Sumner Defendants admit that Plaintiff filed a grievance on May 10, 2014, stating that he needed immediate medical attention and self-diagnosing with "scabies." The Sumner Defendants further admit that the grievance states that Plaintiff had filled out two previous sick call forms. The Sumner Defendants deny that the grievance states that half a dozen

4

other inmates suffered from the ailment. No response is required by the Sumner Defendants to the parenthetical found in Paragraph 23. The Sumner Defendants admit that the grievance states that Plaintiff had complained to medical multiple times and was told to fill out a sick call in response. The Sumner Defendants deny that the grievance states that he was told by medical staff that they were out of the necessary cream after a week and a half. The Sumner Defendants admit that the grievance states that Plaintiff was unable to sleep for days and was itching until he bled. The Sumner Defendants admit that the grievance was resolved by forwarding it to medical staff. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

24. The Sumner Defendants admit that Plaintiff filed a grievance on May 12, 2014, regarding his alleged scabies, seeking medical attention and asking about the "scabies cream." The Sumner Defendants admit that the grievance states that jail staff informed him that they did not have the ointment. The Sumner Defendants admit that Plaintiff stated in the grievance "PLEASE PLEASE PLEASE HELP THIS IS TORTURE. PLEASE SEND TO SONYA TROUT PLLLEEEAAASSSEEE IM [sic] IN PAIN." The Sumner Defendants admit that jail staff responded to the grievance that the ointment had not yet arrived but would be delivered to Plaintiff by medical staff when it came in. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

25. The Sumner Defendants admit that Plaintiff filed a grievance on May 13, 2014, regarding his alleged scabies and stating that he was in "pain and great irritation." To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

26.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 26.  The Sumner County Defendants deny that the Plaintiff was provided inadequate medical care.

27.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 27.

28.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 28. The Sumner Defendants never witnessed Plaintiff allegedly spitting up blood.

29.     The Sumner Defendants deny the allegations found in Paragraph 29.   As Defendant Hart never witnessed this, there was no need for him to call 911 or arrange for Plaintiff to be taken to a hospital.

30.     The Sumner Defendants admit that Defendant Graves noticed Plaintiff feeling ill or weak on a couple of occasions.  The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 30.

31.     The Sumner Defendants deny that Plaintiff was ever brought back from work to the jail due to illness.  The Plaintiff was not taken to the hospital as he did not display any signs that such an action was required.  The remaining allegations found in Paragraph 31 are further denied.

32.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 32.  To the extent this Paragraph alleges any negligence or wrongdoing against the Sumner Defendants, such negligence and wrongdoing are denied.

629442.1/2015808

33.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 33.  Sick call slips are not given to correctional officers and are only given to medical staff.  Sick call slips are part of Plaintiff's medical file.

34.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 34.   The Defendants deny that the Plaintiff was provided inadequate medical care.

35.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 35.   The Defendants deny that the Plaintiff was provided inadequate medical care.

36.     The Sumner Defendants deny the allegations found in Paragraph 36.

37.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 37.  Sick call slips are not given to correctional officers and are only given to medical staff.  Sick call slips are part of Plaintiff's medical file.

38.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations regarding medical notes found in Paragraph 38.   The Defendants deny that the Plaintiff was provided inadequate medical care.

39.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations regarding the alleged sick call filled out by Plaintiff on September 11, 2014. Sick call slips are not given to correctional officers and are only given to medical staff.  Sick call slips are part of Plaintiff's medical file.  The remaining allegations in Paragraph 39 are denied.

40.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations regarding what Defendant Candi Bullock said as described in Paragraph 40. The

7

Sumner Defendants are without sufficient knowledge to admit or deny what steps Dr. Mathews took. The Sumner Defendants deny the remaining allegations found in this Paragraph.

41.     With respect to the allegations found in Paragraph 41, the Sumner Defendants admit that Plaintiff asked Defendant Henry to go to medical. The Sumner Defendants admit that two other inmates assisted Plaintiff in walking to medical, but deny that he was carried to the medical ward. The Sumer Defendants are without sufficient knowledge to admit or deny the remaining allegations found in Paragraph 41.

42.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 42.

43.     With respect to the allegations found in Paragraph 43, the Sumner Defendants deny Plaintiff's allegations that he collapsed in the presence of Defendant Henry, either in the hallway or in his jail cell. The Second Amended Complaint does not allege specific enough information for the Sumner Defendants to admit or deny any conversation the Plaintiff had with a "Sergeant" and thus no response is required. The Sumner Defendants admit that Plaintiff returned to his cell after leaving the medical office. Any remaining allegations in Paragraph 43 not specifically admitted are hereby denied.

44.     With respect to Paragraph 44, this Paragraph fails to provide sufficient information for the Sumner Defendants to admit or deny the allegation. To the extent it alleges any negligence or wrongdoing against the Sumner Defendants, such negligence and wrongdoing is denied.

45.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 45. Sick call slips are not given to correctional officers and are only given to medical staff. Sick call slips are part of Plaintiff's medical file.

8

46.     With respect to Paragraph 46, the Sumner Defendants are without sufficient knowledge to admit or deny what medical advice or drugs were given to the Plaintiff as that is part of the Plaintiff's medical file.  The Sumner Defendants deny they ever witnessed the Plaintiff spitting up blood.

47.     With respect to Paragraph 47, the Sumner Defendants admit that Defendant Graves was an employee of the Sumner County Road Department.  The Sumner Defendants further admit that Defendant Graves spoke to Defendant Eidson and noted that Plaintiff was ill and should see a doctor.  The Sumner Defendants admit that Defendant Graves did not call 911 or take Plaintiff to the hospital himself as there was no need.  Further, such action is not a constitutional violation.  To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

48.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 48.

49.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 49.  To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

50.     With respect to Paragraph 50, the Sumner Defendants admit that the Plaintiff was seen by medical.  The Sumner Defendants deny the remaining allegations in this Paragraph.

51.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 51.

52.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 52.

9

53.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 53.

54.     Paragraph 54 does not contain any allegations against the Sumner Defendants and therefore no response is required.

55.     Paragraph 55 does not contain any allegations against the Sumner Defendants and therefore no response is required.

56.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 56.

57.     With respect to Paragraph 57, the Sumner Defendants admit that an email was sent by Heather Scott on September 28, 2014, containing information and a list of precautions to observe around Plaintiff as a result of his chemotherapy treatment. The Sumner Defendants are without sufficient knowledge to admit or deny where the precautionary information was obtained from.  While the Sumner Defendants admit that Heather Scott has no training on how to ensure that chemotherapy patients are not exposed to infection, this is not a constitutional violation and is therefore denied.

58.     The Sumner Defendants admit the allegations found in Paragraph 58.

59.     With respect to Paragraph 59, the Sumner Defendants admit that, due to the severity of Plaintiff's illness and in the interest of allowing him to recuperate at home, they contacted the District Attorney's Office to request Plaintiff's release from jail. The Sumner Defendants deny that such request was due to the expected cost of Plaintiff's treatment, and further deny that such request was a "form of patient dumping" with the "sole purpose of helping a medical provider save money." The Sumner Defendants deny that the Plaintiff was "left with no insurance or means to pay for his medical care" as alleged in this Paragraph.

629442.1/2015808

60.     With respect to Paragraph 60, the Sumner Defendants admit that an Order was signed by Judge Dee David Gay on October 1, 2014, at the request of the Sumner Defendants and through ADA Joe James, suspending Plaintiff's sentence and releasing him from incarceration due to "serious health problems."   The Sumner Defendants further deny that the Plaintiff was placed on a "furlough" thus making the quoted information from any alleged agreement between Sumner County and Sumner Regional Medical Center moot.  The remaining allegations found in Paragraph 60 are denied.

61.     The Sumner Defendants deny the allegations found in Paragraph 61.

62.     The Sumner Defendants are without sufficient knowledge to admit or deny the allegations found in Paragraph 62.

## COUNT I

### (1983 – Sumner County)

63.     The Sumner Defendants deny the allegations found in Paragraph 63.

64.     The Sumner Defendants deny the allegations found in Paragraph 64.

65.     The Sumner Defendants deny the allegations found in Paragraph 65, including subparagraphs (a) – (m).

66.     The Sumner Defendants deny the allegations found in Paragraph 66.  The Sumner Defendants do not deny medical care to any inmate, including the Plaintiff.

67.     The Sumner Defendants deny the allegations found in Paragraph 67.

68.     The Sumner Defendants deny the allegations found in Paragraph 68, including subparagraphs (a) – (c).

69.     The Sumner Defendants deny the allegations found in Paragraph 69.

70.     The Sumner Defendants deny the allegations found in Paragraph 70.

71.     The Sumner Defendants deny the allegations found in Paragraph 71.

629442.1/2015808

72.     The Sumner Defendants deny the allegations found in Paragraph 72.

73.     The Sumner Defendants deny the allegations found in Paragraph 73.

## COUNT II

### (T.C.A. 8-8-302 – Sumner County)

74.     With respect to Paragraph 74, the Sumner Defendants admit that Defendants Gerald Henry, Tony Miller, William Brad Eidson, and James Hart were employed by the Sumner County Sheriff's Department Office and were acting within the scope of their employment.  The Sumner Defendants deny the remaining allegations found in Paragraph 74 as Tenn. Code Ann. § 8-8-302 is not applicable to these employees.

## COUNT III

### (1983 – Gerald Henry, Tony Miller, Michael Graves, Michael Brad Eidson, James Hart, Sharon Harris, Cheryl Kelley, Jason Christison, Penny Pennick, Candi Bullock, Kenneth Mathews)

75.     The Sumner Defendants deny the allegations found in Paragraph 75.

76.     The Sumner Defendants deny the allegations found in Paragraph 76.

77.     The Sumner Defendants deny the allegations found in Paragraph 77.

78.     The Sumner Defendants deny the allegations found in Paragraph 78.

## COUNT IV

### (1983 – Southern Health Partners)

79.     Paragraph 79 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

80.     Paragraph 80 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants.

629442.1/2015808

To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

81.     Paragraph 81, including subparagraphs (a) – (j), does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants.  To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

82.     Paragraph 82 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants.  To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

83.     Paragraph 83 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants.  To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

84.     Paragraph 84, including subparagraphs (a)-(h) does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants.  To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

85.     Paragraph 85 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants.

To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

86. Paragraph 86 does not pertain to nor contain any allegations against the Sumner Defendants. Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

87. Paragraph 87 does not pertain to nor contain any allegations against the Sumner Defendants. Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

88. Paragraph 88 does not pertain to nor contain any allegations against the Sumner Defendants. Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

89. Paragraph 89 does not pertain to nor contain any allegations against the Sumner Defendants. Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

90. The Sumner Defendants admit it has a duty to provide medical care to inmates in the Sumner County Jail. The Sumner Defendants further admit that they did not breach this duty.

91. The Sumner Defendants deny the allegations found in Paragraph 91.

92. The Sumner Defendants deny the allegations found in Paragraph 92.

629442.1/2015808

93.     The Sumner Defendants deny the allegations found in Paragraph 93.

94.     The Sumner Defendants deny the allegations found in Paragraph 94.

95.     The Sumner Defendants deny the allegations found in Paragraph 95.

96.     The Sumner Defendants deny the allegations found in Paragraph 96.

97.     The Sumner Defendants admit it has a duty to provide medical care to inmates in the Sumner County Jail.  The Sumner Defendants further admit that they did not breach this duty.

98.     Paragraph 98 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

99.     Paragraph 99 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

100.     Paragraph 100 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

101.     Paragraph 101 does not pertain to nor contain any allegations against the Sumner Defendants.  Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied.

102.     Paragraph 102 does not pertain to nor contain any allegations against the Sumner Defendants. Accordingly, no response to this Paragraph is required by the Sumner Defendants. To the extent this Paragraph can be construed to allege any negligence or wrongdoing against the Sumner Defendants, such negligence or wrongdoing is denied. Further, the Sumner Defendants state the Plaintiff is not entitled to his prayer for relief.

## SPECIAL AND AFFIRMATIVE DEFENSES

1.     The Sumner Defendants deny that Plaintiff is entitled to any of the relief requested in the Second Amended Complaint.

2.     The Second Amended Complaint violates the applicable statute of limitations.

3.     The Sumner Defendants are entitled to the defense of qualified immunity.

4.     Plaintiff has an adequate remedy at law and therefore is not entitled to the injunctive relief requested.

5.     The Second Amended Complaint fails to state a cause of action for which relief may be granted.

6.     The injuries alleged are due to the sole negligence of the Plaintiff.

7.     The injuries alleged are due to the negligence of others or third parties to whom the Sumner Defendants do not respond at law.

8.     The Sumner Defendants deny that they acted negligently, illegally, wrongly, recklessly, fraudulently, outrageously, maliciously, tortuously, or in violation of Plaintiff's constitutional rights. However, pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq.*, immunity is not removed and these Defendants, officers, employees, and/or agents are entitled to immunity for any and all acts or omissions which Plaintiff claims.

9.      As further affirmative defense and in the alternative, the Sumner Defendants will show that Plaintiff's own fault/negligence constituted fifty percent (50%) or more of the total fault/negligence causing and contributing to the alleged damages, if any, which bars this claim against the Sumner Defendants under the doctrine of comparative fault and that the Plaintiff was at fault/negligent in causing and/or contributing to the injuries complained of in Plaintiff's Second Amended Complaint.

10.     As further affirmative defense and in the alternative, the Sumner Defendants allege that Plaintiff is guilty of fault/negligence which contributed to his own damages by a percentage from one percent (1%) to forty-nine percent (49%) of the total fault/negligence contributing to the alleged damages, which would thereby reduce Plaintiff's claim for damages in proportion to the percentage of the total fault/negligence contributed to him, pursuant to the doctrine of comparative fault.

11.     As further affirmative defense and in the alternative, the Sumner Defendants state that Plaintiff's Second Amended Complaint neither alleges that he is entitled to recover punitive damages, nor pleads sufficient facts that, if true, would lead to recovery of punitive damages.

12.     As further affirmative defense and in the alternative, the Sumner Defendants state that Plaintiff's claim for punitive damages violates both the Tennessee and United States Constitutions.

13.     As further affirmative defense and in the alternative, the Sumner Defendants state that Plaintiff failed to exhaust his administrative remedies.

14.     As further affirmative defense and in the alternative, the Sumner Defendants state that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

629442.1/2015808

15. The Sumner Defendants, at all times relevant, maintained proper policies and procedures.

16. Plaintiff is held to bring her cause of action pursuant to the strict terms of Tenn. Code Ann. § 29-20-101 *et seq.*, and therefore dismissal is appropriate.

17. Any allegation not specifically admitted is hereby denied.

18. As the individual Sumner Defendants are not deputies, Tenn. Code Ann. § 8-8-302 is not applicable making dismissal appropriate.

19. The Sumner Defendants reserve the right following further discovery and investigation to amend their Answer in order to set forth additional affirmative defenses or additional reasons to dismiss the Second Amended Complaint which may be applicable to this cause of action.

Respectfully submitted,

*s/ Thomas B. Russell*
Thomas B. Russell, #26011
Sarah L. Blood, #31994
GULLETT SANFORD ROBINSON &
     MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
trussell@gsrm.com; sblood@gsrm.com

Leah May Dennen, #12711
Sumner County Law Director
Erika S. Porter, #32316
355 North Belvedere Drive, Room 303
Gallatin, Tennessee  37066
LeahMay@sumnercountylaw.com
erika@sumnercountylaw.com

*Attorneys for Defendants, Sumner County, Tennessee, Gerald Henry, Tony Miller, Michael Graves, William Brad Eidson and James Hart*

18

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2015, a copy of the foregoing **ANSWER OF SUMNER COUNTY, TENNESSEE, GERALD HENDRY, TONY MILLER, MICHAEL GRAVES, WILLIAM BRAD EIDSON, AND JAMES HART TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Jerry Gonzalez
2441-Q Old Fort Parkway, No. 381
Murfreesboro, TN 37128
jgonzalez@jglaw.net

*Attorney for Plaintiff*


Daniel F. Beasley
Lanier Ford
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805
danbeasley@lfsp.com

*Attorney for Southern Health Partners, Inc.*


*s/ Thomas B. Russell*

629442.1/2015808